UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARRY HONIG and GRQ CONSULTANTS, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> GREGORY D. COHEN and BULLDOG BOXING PROMOTIONS LLC, <br><br> Defendants. | Case No. 1:23-cv-10243 (JLR) <br><br> **<u>MEMORANDUM</u>** <br> **<u>ORDER AND OPINION</u>** |

JENNIFER L. ROCHON, United States District Judge:

Barry Honig and GRQ Consultants, Inc. (together, "Plaintiffs") filed this case against Gregory D. Cohen ("Cohen") and Bulldog Boxing Promotions LLC ("Bulldog" and, together, "Defendants") on November 21, 2023. ECF No. 1 (the "Complaint" or "Compl."). Plaintiffs alleged that "Defendants repeatedly solicited Plaintiffs for monies, supposedly to support Cohen's boxing business, using enticing – and as it now turns out, mostly false – claims of securing fighters to exclusive contracts and large purse earnings for Plaintiffs." *Id.* ¶ 1. Plaintiffs brought claims for breach of contract (specifically, breach of a standstill agreement and related agreements), fraud, unjust enrichment, and an accounting. *Id.* ¶¶ 173-201.

On December 17, 2023, Plaintiffs filed a notice "voluntarily dismiss[ing] this action without prejudice" under Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A)(i). ECF No. 15. Defendants subsequently filed motions asking the Court to enter an order stating that this notice constituted a dismissal on the merits and with prejudice. ECF Nos. 21 ("Cohen Br."), 22-3 ("Bulldog Br."); *see also* ECF No. 25 ("Cohen Reply").

For the reasons stated below, the Court DENIES Defendants' motions.

1

## BACKGROUND

On August 25, 2023, Plaintiffs filed a case (the "New Jersey Action") in the United States District Court for the District of New Jersey (the "New Jersey Court"), naming as defendants Cohen, Bulldog, and Greg Cohen Promotions LLC ("GCP"). Complaint, *Honig v. Cohen*, No. 23-cv-11104 (D.N.J. Aug. 25, 2023) ("Orig. N.J. Compl."); *see Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) ("Courts routinely take judicial notice of documents filed in other courts to establish the fact of such litigation and related filings." (brackets, ellipsis, and citation omitted)). On September 11, 2023, before any defendant was served, Plaintiff filed an amended complaint in the New Jersey Action. ECF No. 20-2. Both complaints in the New Jersey Action involved many of the same allegations and causes of action as the Complaint in this case. *Compare id.*, *and* Orig. N.J. Compl., *with* Compl.

On September 20, 2023, Cohen and GCP filed a letter with the New Jersey Court "request[ing] a pre-motion conference for leave to file a motion to dismiss for lack of subject matter jurisdiction," ECF No. 20-3 at 1, given that Plaintiffs "appear to be citizens of Florida" and GCP "is a limited liability company with two members that are citizens of the State of Florida," *id.* at 2. On September 28, 2023, the New Jersey Court ordered that, "[b]y November 1, 2023, Plaintiffs will advise the Court whether: (i) Plaintiffs will seek transfer/dismissal in New York; (ii) remove Defendant Greg Cohen Promotions, LLC, and/or amend the Complaint to cure any jurisdictional issues; or (iii) litigate whether diversity jurisdiction exists in this Court." ECF No. 23-1 at 2-3.

On November 1, 2023, Plaintiffs filed a letter with the New Jersey Court "request[ing] that the Court either (a) dismiss the case without prejudice or (b) transfer the case to the Southern District of New York (after dropping the purportedly non-diverse defendant)." ECF No. 20-4 at 1. Cohen and GCP filed a letter on November 2, 2023, in which they (among

2

other things) "object[ed] to any such relief absent a formal motion from the plaintiffs and an opportunity to respond and object." ECF No. 20-5 at 3. Later that same day, the New Jersey Court ordered that, "[b]y close of business Friday, November 3, 2023, Plaintiffs['] counsel shall submit a proposed order for the Court[']s consideration providing for dismissal of the action without prejudice and transfer of the case to the Southern District of New York as stated in Plaintiffs['] counsel[']s letter." ECF No. 23-1 at 3.

On November 3, 2023, Plaintiffs filed a proposed order providing "that, for good cause shown, this action is dismissed in its entirety without prejudice, with each party to bear its own costs." ECF No. 20-6 at 2 (emphasis omitted). That same day, Defendants submitted a proposed order providing "that, for good cause shown: a. Claims against GCP are hereby dismissed with prejudice; and b. The balance of the First Amended Complaint is hereby dismissed without Prejudice." ECF No. 23-9 at 2. On November 16, 2022, the New Jersey Court ordered "that, for good cause shown, this action is dismissed in its entirety without prejudice, with each party to bear its own costs." ECF No. 20-7.

Plaintiffs filed the Complaint in this case on November 21, 2023. Compl. Bulldog was served on November 28, 2023. ECF No. 13. On November 29, 2023, the Court approved a stipulation between Plaintiffs and Cohen extending the time for Cohen to respond to the Complaint until January 22, 2024. ECF No. 12.

On December 13, 2023, Plaintiffs filed a lawsuit involving the same allegations and causes of action involved here in New York state court. Complaint, *Epic Sports & Ent., Inc. v. Cohen*, No. 656238/2023 (N.Y. Sup. Ct. Dec. 13, 2023), https://iapps.courts.state.ny.us/nyscef/ViewDocument?docIndex=dkpqj0qwxOhUN2V6eH04YA== [https://perma.cc/WN45-RXGE]. On December 17, 2023, Plaintiffs filed a notice in this Court "that, pursuant to

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Plaintiffs hereby voluntarily dismiss this action without prejudice." ECF No. 15.

On December 19, 2023, Cohen filed a letter motion requesting that the Court "enter an Order holding that the dismissal is on the merits and with prejudice." ECF No. 16 at 1. Cohen contended that the dismissal of the New Jersey Action required this Court to do so. *See id.* at 2. On December 20, 2023, Plaintiffs submitted a letter opposing Cohen's motion. ECF No. 17. Cohen submitted a reply letter later that same day. ECF No. 18. The Court permitted Defendants to file formal motions and briefs in support of their request for dismissal with prejudice. ECF No. 19. Both Defendants have done so. Cohen Br.; Bulldog Br.; *see also* Cohen Reply; ECF Nos. 20-1 (attorney declaration), 26 (same). Plaintiffs have opposed these motions. ECF No. 24 ("Opp."); *see also* ECF No. 23 (attorney declaration).

## DISCUSSION

With a few exceptions inapplicable here, "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). "Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). This is known as the "two-dismissal rule." *See, e.g.*, *Lin v. Shanghai City Corp.*, 950 F.3d 46, 50 (2d Cir. 2020) (per curiam); *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976).

Defendants argue that the dismissal in the New Jersey Action was the first qualifying dismissal; that the dismissal in this action was the second qualifying dismissal; and that therefore this Court should enter "an order deeming plaintiffs' notice of voluntary dismissal

4

[filed in this case] as a dismissal on the merits pursuant to Federal Rule of Civil Procedure 41(a)(1)(B)." Cohen Br. at 1; *see id.* at 8-9; Bulldog Br. at 4-6. Plaintiffs counter that the dismissal in the New Jersey Action was under Rule 41(a)(2), not Rule 41(a)(1); that the two-dismissal rule therefore does not apply here; and that, in any event, the Court lacks jurisdiction to enter a dismissal on the merits once a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) has been filed. *See* Opp. at 2-3. Defendants do not address jurisdiction. *See generally* Cohen Br.; Bulldog Br.; Cohen Reply.

The Court holds that it lacks jurisdiction here, and it denies Defendants' motion on that basis. The Court therefore does not – and cannot – reach the parties' other arguments.

Subject-matter jurisdiction is "the court's statutory or jurisdictional power to adjudicate the case." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014) (emphasis and citation omitted). "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If a court lacks (or loses) subject-matter jurisdiction, "the court must dismiss the case or claim." *ABN Amro Verzekeringen BV v. Geologistics Ams., Inc.*, 485 F.3d 85, 94 (2d Cir. 2007); *see* Fed. R. Civ. P. 12(h)(3).

"Rule 41(a)(1)(A) is the only form of dismissal requiring no court action to be effective." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 111 (2d Cir. 2012). Indeed, "a voluntary dismissal under Rule 41(a)(1)(A) has automatic effect, absent the contrary operation of an applicable federal statute." *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 809 n.3 (2d Cir. 2022). As the Second Circuit has explained:

> So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to

5

> play. This is a matter of right running to the plaintiff and may
> not be extinguished or circumscribed by adversary or court.
> There is not even a perfunctory order of court closing the file.
> Its alpha and omega was the doing of the plaintiff alone.

*Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979) (emphasis and citation omitted).[1]

Significantly, a voluntary dismissal without prejudice "vitiates and annuls all prior proceedings and orders in the case, and terminates jurisdiction over it for the reason that the case has become moot." *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 134 (2d Cir. 2014) (brackets and citation omitted); *accord Youssef v. Tishman Constr. Corp.*, 744 F.3d 821, 823-24 (2d Cir. 2014) ("It is undisputed that the plaintiff sought voluntary dismissal of the claim before any defendant filed an answer or motion for summary judgment. . . . A dismissal with prejudice, in this circumstance, constitutes grounds for vacatur and remand with instructions to correct the error."); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 139 (2d Cir. 2004) ("A judgment on the merits that is entered after the plaintiff has filed a proper Rule 41(a)(1) notice of dismissal is indeed void." (brackets and citation omitted)); *Alix v. McKinsey & Co.*, 470 F. Supp. 3d 310, 317 (S.D.N.Y. 2020) ("A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits." (citation omitted)).[2]

---

[1] Rule 41(a)(1) thus operates differently than Rule 41(a)(2), which provides that, in situations not governed by Rule 41(a)(1), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see Paysys Int'l, Inc. v. Atos IT Servs. Ltd.*, 901 F.3d 105, 108 (2d Cir. 2018) ("Rule 41(a)(2) dismissals are at the district court's discretion." (citation omitted)).

[2] There is an important caveat: "a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). For example, "motions for costs or attorney's fees are independent proceedings supplemental to the original proceeding and not a request for a modification of the original decree." *Id.* (brackets, quotation marks, and citation omitted). Here, however, Defendants make no argument that their motion constitutes an independent proceeding that addresses a collateral

*Thorp* acknowledged an earlier decision that potentially suggested otherwise. In *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105, 107 (2d Cir. 1953), the district court held an evidentiary hearing on the plaintiffs' preliminary-injunction motion that "required several days of argument and testimony, [and] yield[ed] a record of some 420 pages." Following the hearing, the district court denied the plaintiffs' motion, having found that their likelihood of success on the merits was "remote, if not completely nil." *Id.* The plaintiffs amended the complaint; the defendants obtained an order to show cause why the plaintiffs should not be enjoined from filing a suit involving the same issues in another jurisdiction; the plaintiffs filed a notice of voluntary dismissal under Rule 41(a)(1); and the defendants moved to vacate the order of dismissal. *Id.* The district court denied the motion, and the defendants appealed. *Id.* On appeal, the Second Circuit conceded that "the voluntary dismissal was attempted before any paper labeled 'answer' or 'motion for summary judgment' was filed." *Id.* at 108. Nevertheless, the *Harvey Aluminum* court determined that "a literal application" of Rule 41(a)(1) "would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached." *Id.* The court therefore reversed and remanded the case "with directions to vacate the notice of dismissal, and with leave to the plaintiffs to move to dismiss the action" under Rule 41(a)(2). *Id.*

"*Harvey Aluminum* has not been well received. Although its rationale is occasionally reiterated in dictum, subsequent cases have almost uniformly either distinguished *Harvey Aluminum*, limiting the case to its particular factual setting, or forthrightly rejected it as poorly reasoned." *Thorp*, 599 F.2d at 1175. *Thorp* joined this chorus of criticism. Although it did not outright overrule the earlier decision, *Thorp* held that, "at least in cases falling short of the

---

issue; nor could they. On the contrary, Defendants plainly "request . . . a modification of the original decree." *Id.* (citation omitted).

7

extreme exemplified by *Harvey Aluminum*, notices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)[(A)] are not subject to vacatur." *Id.* at 1176.[3]

In *Thorp* and other cases, the Second Circuit has "limited [*Harvey Aluminum*] to its facts." 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2363, Westlaw (4th ed. updated Apr. 2023); *see, e.g.*, *Samake*, 24 F.4th at 809 n.3 (citing *Thorp* for the proposition that "a voluntary dismissal under Rule 41(a)(1)(A) has automatic effect, absent the contrary operation of an applicable federal statute"); *ISC Holding*, 688 F.3d at 116 ("Though we do not reach the issue . . . , we note our skepticism that *Harvey Aluminum* is still good law, even confined to the exceedingly narrow compass allowed by our precedent."); *accord Alix*, 470 F. Supp. 3d at 317 ("[N]otices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)(A)(i) are not subject to vacatur except in certain rare circumstances – not present here – where the merits have been brought before the court before the filing of either the answer or a motion for summary judgment." (quotation marks and citations omitted)).

As always, this Court follows the Second Circuit's lead. Because the facts of the instant case do not resemble those of *Harvey Aluminum*, and because there is no "applicable federal statute" to the contrary, *Samake*, 24 F.4th at 809 n.3, the Court applies the general rule: "notices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)[(A)] are not subject to vacatur," *Thorp*, 599 F.2d at 1176.

---

[3] "In 2007, the language of Rule 41 was amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. The changes were intended to be stylistic only. The portion of Rule 41 previously designated as '41(a)(1)(i)' is now captioned '41(a)(1)(A)' under the 2007 Amendments." *Kapsis v. Bloom*, No. 08-cv-03092 (SJF) (AKT), 2009 WL 10712610, at *6 n.3 (E.D.N.Y. Sept. 15, 2009) (further quotation marks and citations omitted), *report and recommendation adopted*, 2009 WL 10712609 (E.D.N.Y. Oct. 30, 2009).

In the case at bar, Plaintiffs "sought voluntary dismissal of the claim before any defendant filed an answer or motion for summary judgment." *Youssef*, 744 F.3d at 823-24. "In such a case, the plain text of the rule provides that dismissal 'is without prejudice,' and affords no discretion in this respect to the district court." *Id.* at 824 (quoting Fed. R. Civ. P. 41(a)(1)(B)). Ordering a "dismissal with prejudice, in this circumstance," would therefore be "error." *Id.* Even if Plaintiffs' dismissal of this case should be deemed a second qualifying dismissal under the two-dismissal rule – an issue that, the Court stresses, it does not reach and about which it expresses no view – this Court lacks jurisdiction to decide the issue. A future court may decide whether the notice of dismissal filed in this case "operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B).

## CONCLUSION

For these reasons, the Court denies Defendants' motions. The Clerk of Court is respectfully directed to terminate the pending motions at ECF Nos. 16, 20, and 22.

Dated: January 30, 2024
   New York, New York

                SO ORDERED.

                *Jennifer Rochon*
                JENNIFER L. ROCHON
                United States District Judge